Corey *v.* Rice.

---

JOHN COREY and another, COMMISSIONERS OF HIGHWAYS, &c., Respondents, *v.* ALFRED RICE, COMMISSIONER OF HIGHWAYS, &c., Appellant.

(GENERAL TERM, FOURTH DEPARTMENT, APRIL, 1871.)

The measure of liability of adjoining towns, liable under chapter 225, Laws of 1841, to make and maintain bridges, may not be permanently changed by judgment of the court or submission to arbitration.

Accordingly, in an action against a commissioner of highways, by like commissioners of adjoining towns, to recover a proportion of the expense

Corey *v.* Rice.

paid by them for building a bridge between their towns.—*Held*, that a submission by the commissioners of the several towns to arbitration, made before the expenses in suit were incurred, and the arbitrators award thereon, which purported to fix permanently the measure of future liability of the towns in respect to construction, &c., of the bridge, are incompetent evidence.

A written contract with the builder, for the construction of a bridge, signed by commissioners of highways of several towns, without addition of their title of office, and running in the names of the towns, binds the towns. Per MULLIN, J.

The liability of the commissioners of highways, to the builder, upon their contract for construction is joint.

If two of three commissioners have paid the indebtedness of the third, they must sue separately for the portions paid by them respectively; but where the action is joint by the two, to recover the whole amount paid for the third, and the complaint does not show a separate payment by each, the presumption is in favor of a payment from joint funds, and the objection of misjoinder is properly taken by answer.

THIS action was brought to recover a portion of the expense of building a bridge across Cattaraugus creek, between the towns of Ashford and Yorkshire, which towns extended to the center of a highway running over the bridge, on the one side of the creek, and the town of Sardinia on the other side. The complaint was in writing and claimed the sum of $200, as moneys paid and expended by the plaintiffs, as commissioners of highways of the towns of Ashford and Yorkshire, to and for the use of the defendant as commissioner of highways for the town of Sardinia, and at his request. The answer was a general denial, plea of payment, and of misjoinder of parties plaintiff. The facts are stated in the opinion of the court.

*A. J. Knight,* for the appellant.

*S. S. Spring,* for the respondent.

Present—MULLIN, P. J., JOHNSON and TALCOTT, JJ.

MULLIN, P. J. This is an appeal from a judgment of the County Court of Cattaraugus county in favor of the plaintiffs.

The action was originally commenced in a justice's court, in said Cattaraugus county, by the plaintiffs, one of whom is commissioner of highways of the town of Yorkshire, in said county, and the other commissioner of highways of the town of Ashford, in said county, against the defendant, commissioner of highways of the town of Sardinia, in the county of Erie, to recover the proportion which the said town was liable to pay cf the expenses of building a bridge over a stream dividing said towns. A judgment was rendered in favor of the defendant for costs, and the plaintiffs appealed to the County Court of Cattaraugus county, in which court the action was tried before a jury, and a verdict rendered, by order of the court, in favor of the plaintiffs, for $51.09. A judgment was subsequently entered for such damages, together with the costs of the action.

The plaintiffs and defendant, in September, 1867, entered into a contract, in writing, with one Corey to build a bridge across Cattaraugus creek, which divides the latter county from Erie county, for which Corey was to receive $289.51. The parties of the one part to said contract are described therein as Sardinia, Ashford and Yorkshire, and it was signed by A. Rice, H. Waite and J. Corey, without any title of office annexed to their names, but they were at the time commissioners of highways of their respective towns.

The reception of this contract in writing was objected to by defendant's counsel as not executed by the commissioners. The objection was overruled and defendant's counsel excepted.

It was proved that the plaintiffs paid to Corey the whole amount due him upon said contract, in orders on the respective towns.

The plaintiffs offered in evidence a submission to arbitration entered into in August, 1865, between the three commissioners of highways of the three towns above named, of the question as to the share which each town should pay of the expense of building a bridge across the same stream, and theretofore constructed, and the share which each of said towns should thereafter pay of the expense of building bridges across

said stream, which was objected to by defendant's counsel. The objection was overruled and defendant's counsel excepted.

The report made in pursuance of such submission was also offered in evidence by the plaintiffs and objected to by the defendant. The objection was overruled and defendant's counsel excepted.

Evidence was given on the part of the plaintiffs as to the proportion of the expense of the bridge the several towns had previously paid, which evidence was objected to and objection overruled.

The defendant moved for a nonsuit on several grounds:

1st. Because the evidence did not establish a cause of action.

2d. The plaintiffs should have sued separately.

3d. The action was improperly brought in Cattaraugus county.

The motion was denied, and defendant's counsel excepted.

The defendant's counsel asked the court to charge the jury that the award was invalid, because the payment by one or several of the commissioners of one-half the expense of building the bridge was no evidence of liability to that amount; that independent of the arbitration or custom, the commissioners of the several towns would be liable in equal amounts; that the court should submit to the jury whether there was a custom or user which regulated the amount the towns should pay. The court refused to so instruct the jury, and defendant's counsel excepted.

The contract which lies at the foundation of this controversy, of which this action is part, was entered into pursuant to sections 1, 2 and 3 of chapter 225 of the Laws of 1841.

Those sections provided, amongst other things, that whenever adjoining towns shall be liable to make and maintain bridges over any streams dividing such towns, such bridges shall be built and repaired at the equal expense of such towns, and the commissioners of such towns may enter into joint contracts for building or repairing such bridges, and they

Corey *v.* Rice.

may be enforced in law or equity against such commissioners jointly the same as if entered into by individuals.

Under this statute towns on different sides of streams are bound to contribute in equal proportions to the erection and maintenance of bridges over said streams, without regard to where the line between said towns runs in said streams.

By this statute the town of Sardinia, in the county of Erie was bound to pay one-half the expense of constructing the bridge in question, and the towns of Yorkshire and Ashford, in Cattaraugus county, the other half.

It is doubtless competent for the towns to agree upon a different measure of liability as to expenses already incurred, but it is not in their power to change it permanently by the judge of a court or the award of an arbitrator.

Municipal regulations adopted by the legislature must be enforced, and cannot be changed either by agreement of parties or the adjudication of the courts. I do not mean to say that the courts cannot construe statutes containing municipal regulations, but I do mean to say that when a statute declares that a municipal body shall bear a certain portion of a public burden or perform any other clearly defined duty, courts cannot alter the portion to be paid nor change in any manner the mode of performance.

If they could be thus altered all uniformity would be at an end, and the public, instead of resorting to the acts of the legislature to ascertain the rights and liabilities of towns and counties, and the duties to be performed by their officers, would be obliged to resort to the contracts entered into between such officers, the award of arbitrators, and the adjudication of the courts.

I do not intend to say that towns and counties and their officers may not adjust matters of difference between them as to transactions that have been already completed, but I do say that they have not the power to bind their towns by the submission of any matter so as in any degree to change the rights or liabilities of such towns, counties or officers as established by the legislature.

The submission and award, so far as they related to the bridge built before the submission, were wholly immaterial in this action, and they were incompetent so far as they related to the liability of the towns for bridges thereafter to be built.

I am of the opinion that the written contract was binding on the commissioners of the towns. If, however, it was void, they were unquestionably bound by the contract as made by parol, and being valid, all three commissioners were liable upon it.

And had Corey sued upon it, the judgment would have gone against the commissioners jointly, and if collected out of either, the one who paid might recover of the others their just proportion of the amount. So if two paid, each might sue and was bound to sue for the portion each paid for the third.

In 1 Chitty's Pl., 11, the rule is thus stated: If A, B and C are appointed commissioners of a bankrupt, and A and B pay each one-half of the cost of the proceeding to an attorney, they must each sue C separately for the portion paid for C's benefit, and if they sue jointly they will be nonsuited.

The complaint alleges that the commissioners of the towns of Ashford and Yorkshire paid for the use of defendants as commissioners the sum of $200. The defendants, amongst other defences, sets up the misjoinder of the plaintiffs, alleging that they should sue separately and not jointly for the money paid for the defendants.

The complaint does not show that the money paid was not the joint funds of the commissioners of Yorkshire and Ashford; on the contrary, it must be assumed that the payment was made from the joint funds of those towns. It may be difficult to ascertain how the commissioners of two towns should have a common fund from which to pay the expense of building a bridge, but as section 144 of the Code requires the defendant to demur to the complaint only when it appears by it that the plaintiffs are improperly joined, that fact can only appear when the source from which the funds are obtained is disclosed. So long as it is not impossible for the

commissioners of two towns to have joint funds, it will be assumed that they have in support of the complaint. It was therefore the duty of the defendant to set up the misjoinder by answer instead of demurrer to the complaint.

The plaintiffs were, therefore, improperly joined.

If I am right in regard to the competency of the submission and award, and as to the misjoinder of the plaintiffs, there must be a new trial, and it is unnecessary to consider the other questions raised on the motion for a nonsuit and on the requests to charge the jury.

The judgment must be reversed, and a new trial ordered, costs to abide the event.

Judgment reversed.